# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| JEAN HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 14-2421-STA-tmp |
| | ) | |
| SIGNATURE HEALTHCARE at St. Peter Villa; | ) | |
| LP MEMPHIS III, LLC d/b/a | ) | |
| Signature Healthcare at St. Peter Villa; | ) | |
| SIGNATURE HEALTHCARE, LLC; and | ) | |
| SIGNATURE CONSULTING SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO DISMISS AS MOOT

Before the Court is Defendants Signature Healthcare at Saint Peter Villa; LP Memphis III, LLC d/b/a Signature Healthcare at Saint Peter Villa; Signature HealthCARE, LLC; and Signature Consulting Services, LLC's Motion to Dismiss (ECF No. 51) filed on March 12, 2015. Plaintiff Jean Horton has responded in opposition. Defendants argue that the Court lacks subject-matter jurisdiction in this case because there is not complete diversity of citizenship between the parties.

Without reaching the merits of Defendants' arguments, on May 1, 2015, the Court ordered counsel for the parties to confer and submit a joint jurisdictional statement identifying each member and sub-member of Defendant Signature HealthCARE, LLC and Signature Consulting Services, LLC. This procedure was adopted to allow the Court to determine the citizenship of each member and sub-member of the LLC Defendants and then assess whether complete diversity of citizenship existed in the case. The Court set May 15, 2015, as the

1

deadline for the parties to submit their joint jurisdictional statement. On May 4, 2015, Defendants filed a notice with the Court that they were withdrawing their Motion to Dismiss. In light of Defendants' withdrawal, the Motion to Dismiss is **DENIED** as moot.

The parties failed to file the joint jurisdictional statement the Court had ordered them to file by May 15, 2015, presumably because of Defendants' decision to withdraw the Motion to Dismiss. However, Defendants' withdrawal of the Motion to Dismiss is not the end of the jurisdictional inquiry. "Because subject-matter jurisdiction is an Article III as well as a statutory requirement, no action of the parties can confer subject-matter jurisdiction upon a federal court."[1] A party cannot waive or forfeit subject matter jurisdiction,[2] and in every case the Court is "obligated to consider sua sponte whether [it has] such jurisdiction."[3] Despite the fact that Defendants no longer contest jurisdiction, the Court must nevertheless carry out its own obligation to determine whether it has subject-matter jurisdiction. Therefore, the parties are still required to file the joint jurisdictional statement. Their filing is due no later than June 5, 2015.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 22, 2015

---

[1] *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)) (internal punctuation altered).

[2] *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

[3] *Vander Boegh*, 772 F.3d at 1064.